RALPH J. LECHNER, PLAINTIFF, v. JOHN CURTIN, MARY ANNA CURTIN, PATRICIA CURTIN, KATHLEEN CURTIN AND JOAN CURTIN, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided April 30, 1951.

378

Mr. *Mario R. La Barbera,* attorney for plaintiff.

Mr. *Maurice E. Gold,* attorney for J. Albert Homan, guardian *ad litem.*

GRIMSHAW, J. S. C. This is an action to quiet the title to real property. The question raised by the pleadings is the nature and extent of the title acquired by Leopold Hoffman and Annie, his wife, under a deed from Herman H. Wundes, widower, dated May 15, 1926. In the questioned deed the granting clause is to Leopold Hoffman and Annie Hoffman, his wife, "and to his heirs and assigns forever." The *habendum* is "unto the said party of the second part their heirs and assigns to the only proper use benefit and behoof of the said party of the second part, their heirs and assigns forever." The covenants run to the party of the second part, "their heirs and assigns."

It seems clear from an examination of the deed as a whole that the use of the singular pronoun in the granting

clause was a scrivener's error. I am satisfied that it was the intent of the parties that the grantees should take an estate by the entirety.

Under such circumstances the old rule of construction which placed the most emphasis on the granting clause of a deed must give way to the clear intention of the parties. *Northeastern Tel. & Tel. Co. v. Hepburn,* 73 *N. J. Eq.* 657 (*E. & A.* 1907); *The Trenton Potteries Co. v. Blackwell,* 137 *N. J. Eq.* 113 (*Ch.* 1945).

There will be judgment for the plaintiff.